UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

D-1   DENIS BURKE,
D-2   MADELINE BURKE,
D-3   PARISVILLE DAIRY,
D-4   DUNGANSTOWN DAIRY

_____/

Case: 1:16-cr-20625
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 09-14-2016 At 04:02 PM
in re: Sealed Matter (krk)

INDICTMENT

THE UNITED STATES CHARGES:

Count 1
8 USC §§1324(a)(1)(A)(v)(I) and (B)(i)

D-1   DENIS BURKE,
D-2   MADELINE BURKE,
D-3   PARISVILLE DAIRY,
D-4   DUNGANSTOWN DAIRY

From at least January of 2007 to at least June of 2013, in the Eastern District of Michigan, Northern Division, Denis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy, defendants herein, for private financial gain and commercial advantage, conspired and agreed with each other, and with others both known and unknown to the grand jury, to transport, conceal, harbor and shield from detection, and to encourage and induce to reside in the United States, one or more aliens contrary to 8 USC §§1324(a)(1)(A)(ii), (iii) and (iv), knowing and in

1

reckless disregard of the fact that the aliens had come to, entered, remained and resided in the United States in violation of the law, all in violation of 8 USC §§1324(a)(1)(A)(v)(I) and (B)(i).

Ways and Means of the Conspiracy

Denis Burke, Madeline Burke, Parisville Dairy and Dunganstown Dairy farms, at times acting through co-conspirators and agents, operated dairy farms in Huron and Tuscola Counties in the Eastern District of Michigan, Northern Division, and employed workers in connection with the operation of the farms.

As part of the conspiracy, Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy caused illegal aliens to be transported to their dairy farms in Huron and Tuscola Counties, to obtain the services of the illegal alien workers.

As a further part of the conspiracy, Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy, at times acting through their agents, failed to conduct the inquiries necessary to fully and accurately complete Employment Eligibility Forms (I-9 forms) for newly hired employees, as required by law. As a consequence of the failure by Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy, and their agents, to fully and accurately complete I-9 forms for new hires, various aliens who had come to, entered and remained in the United States in violation of the law, were hired and employed by Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy.

2

As a further part of the conspiracy, Denis Burke allowed undocumented aliens to work and reside on the Parisville Dairy and Dunganstown Dairy farms.

As a further part of the conspiracy, Denis Burke and Madeline Burke did not adequately check on the validity of identity documents provided by illegal alien workers.

As a further part of the conspiracy, Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy continued to employ and also re-hired workers after having notice that the employees were working under invalid social security numbers. Similarly, Dennis Burke, Madeline Burke, and Dunganstown Dairy continued to employ workers after having notice that the employees were not authorized to work in the United States.

As a further part of the conspiracy, Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy harbored, concealed, and shielded from detection illegal aliens, and induced and encouraged the illegal aliens to reside in the United States, by providing employment and housing on the dairy farms and away from people in the surrounding areas. By so doing, Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy retained the services of the illegal alien workers on the dairy farms for the commercial advantage and private financial gain of Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy.

As a further part of the conspiracy, Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy agreed that other members of the conspiracy should help the illegal alien workers cash their paychecks and shop for food, clothes and other items.

As a further part of the conspiracy, other members of the conspiracy helped the illegal alien workers employed by Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy send wire transfers of funds, often to foreign countries.

As a further part of the conspiracy, Dennis Burke, Madeline Burke, Parisville Dairy, and Dunganstown Dairy agreed that other members of the conspiracy should transport the illegal alien workers from the farms to medical, dental and other appointments, and return the workers back to the farms.

As a further part of the conspiracy, Denis Burke sometimes told other members of the conspiracy to tell the alien workers to stay on the farms because immigration authorities were in the area of the Parisville Dairy and Dunganstown Dairy farms. When part of the illegal alien workforce was arrested while being transported by a member of the conspiracy, Denis Burke gave money to that other member of the conspiracy so that person could go buy food for the illegal immigrants still living and working on the Parisville Dairy and Dunganstown Dairy farms.

All in violation of 8 USC §§1324(a)(1)(A)(v)(I) and (B)(i).

## Count 2
### 8 USC §§1324(a)(1)(A)(iii) and (B)(i)

D-1   DENIS BURKE,
D-3   PARISVILLE DAIRY,

On or about February 1, 2013, in the Eastern District of Michigan, Northern Division, Denis Burke and Parisville Dairy, defendants herein, for private financial gain and for commercial advantage, harbored and shielded from detection one or more aliens, knowing and in reckless disregard of the fact that the aliens had come to, entered and remained in the United States in violation of the law, by paying for food for one or more illegal alien workers employed at the Parisville Dairy because the workers were unwilling and unable to leave the dairy farm to grocery shop for themselves, all in violation of 8 USC §§1324(a)(1)(A)(iii) and (B)(i).

## Count 3
### 8 USC §§1324(a)(1)(A)(ii), (v)(II), and (B)(ii)

D-1   DENIS BURKE,
D-3   PARISVILLE DAIRY

On or about April 27, 2013, in the Eastern District of Michigan, Northern Division, Denis Burke and Parisville Dairy, defendants herein, for private financial gain and for commercial advantage, knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of the law, caused another to transport one or more aliens to a place

5

where the aliens could cash paychecks, all in violation of 8 USC

§§1324(a)(1)(A)(ii), (v)(II), and (B)(ii).

## Count 4
### 8 USC §§1324(a)(1)(A)(iv) and (B)(ii)

D-1 DENIS BURKE,
D-3 PARISVILLE DAIRY

On or about April 27, 2013, in the Eastern District of Michigan, Northern

division, Denis Burke and Parisville Dairy, defendants herein, for private financial

gain and for commercial advantage, encouraged one or more aliens to reside in the

United States, knowing and in reckless disregard of the fact that residence in the

United States by the aliens was in violation of the law, by causing another to help

the aliens to cash paychecks and buy food, all in violation of 8 USC

§§1324(a)(1)(A)(iv) and (B)(ii).

## Count 5
### 8 U.S.C. §1324a(a)(1)(B)(i) and (f)(1), and 18 U.S.C §2

D-1 DENIS BURKE,
D-2 MADELINE BURKE,
D-3 PARISVILLE DAIRY,
D-4 DUNGANSTOWN DAIRY

From at least January of 2007 to on or about May 23, 2013, in the Eastern

District of Michigan, Denis Burke, Madeline Burke, Parisville Dairy, and

Dunganstown Dairy, defendants herein, as part of a pattern and practice, and aided

and abetted by others, did hire individuals for employment in the United States

6

without complying with the requirements of the employment verification system in 8 U.S.C. §1324a(b), all in violation of 8 U.S.C. §§1324a(a)(1)(B)(i) and (f)(1), and 18 U.S.C §2.

Forfeiture Allegations

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the government hereby provides notice to the defendants of its intention to seek forfeiture of all proceeds of the alleged violations, direct or indirect, or any property traceable thereto; all property that facilitated the commission of the violations alleged, or property traceable thereto; and all property involved in, or property traceable to, any of the violations set forth in this indictment.

Dated: September 14, 2016                                    THIS IS A TRUE BILL


                                                            s/Grand Jury Foreperson
Barbara L. McQuade                                          Grand Jury Foreperson
United States Attorney


s/Janet L. Parker                                           s/Craig F. Wininger
Janet L. Parker (P34931)                                    Craig F. Wininger
Assistant U.S. Attorney                                     Assistant U.S. Attorney
101 First Street, Suite 200                                 Chief, Branch Offices
Bay City, Michigan. 48708-5747
(989) 895-5712
janet.parker2@usdoj.gov

7

**Companion Case information MUST be completed by AUSA and initialed**

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number** |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

### Companion Case Information

This may be a companion case based upon **LCrR 57.10 (b)(4)[1]**:

☐ **Yes**          ☐ **No**

Case: 1:16-cr-20625
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 09-14-2016 At 04:02 PM
in re: Sealed Matter (krk)

**Case Title:** USA v.  DENNIS BURKE, ET AL

**County where offense occurred:**  Huron

**Check One:**  X Felony       ☐ **Misdemeanor**      ☐ **Petty**

$\underline{\quad X \quad}$Indictment/_____Information ---  **no** prior complaint.

_____Indictment/_____Information ---  based upon prior complaint [**Case number:**]

_____Indictment/_____Information ---  based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____  **Judge:** _____

☐     Corrects errors; no additional charges or defendants.
☐     Involves, for plea purposes, different charges or adds counts.
☐     Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

Date: September 14, 2016

Janet L. Parker
Assistant United States Attorney
101 First Street, Suite 200, Bay City, MI 48708
Phone:  989-895-5712
Fax: 989-895-5790
E-Mail address: janet.parker2@usdoj.gov
Attorney Bar #:  P-34931

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.